NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0138n.06

No. 18-1886

UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 20, 2019
DEBORAH S. HUNT, Clerk

LESA WERME,

    Plaintiff-Appellant,

v.

MORTGAGE CENTER, LLC; FEDERAL HOME
LOAN MORTGAGE CORPORATION,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

OPINION

BEFORE: COLE, Chief Judge; BOGGS and GIBBONS, Circuit Judges.

COLE, Chief Judge. Lesa Werme appeals the district court's grant of summary judgment in favor of Mortgage Center, LLC, on her claim of defamation resulting from a notice of foreclosure published in a local newspaper. Because the notice was substantially truthful, we affirm the district court's grant of summary judgment.

## I. BACKGROUND

Appellant Lesa Werme executed a promissory note and residential mortgage for her home in Saugatuck, Michigan. In 2008, Mortgage Center, LLC ("Mortgage Center") began servicing Werme's loan. Werme alleges that in May 2014 she sent a payment to Mortgage Center for $1,430.54, and that this payment was erroneously returned to her. Mortgage Center alleges that

Werme never made the May 2014 payment and under ¶7(B) of her promissory note,[1] the missed payment placed Werme in default.

Werme alleges that she sent Mortgage Center another payment of $1,430.54 in June 2014, but this payment was returned to her with a cover letter explaining that Mortgage Center would not accept the payment because it did not cover her arrears for May. In other words, Mortgage Center would not accept "partial payment" under the terms of Werme's mortgage. Indeed, the first paragraph of Werme's mortgage states that "Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current." (Werme Mortgage, R. 105-1, PageID 1154.)

In July and August, Werme again sent one month's base payments to Mortgage Center, but each of Werme's checks were returned for failing to bring her loan current. In September 2014, however, Mortgage Center accepted Werme's September payment as a partial payment of her loan balance. The partial payment was applied to Werme's account as the May 2014 payment, but Werme was still overdue on her June, July, August, and September payments.

On September 17, 2014, Mortgage Center sent Werme a notice of default in mortgage and intent to accelerate loan. In this notice, Mortgage Center provided four possible dates by which Werme could cure her default, as well as the respective payments and late fees that would be required on each of the listed dates to cure the default. The notice indicated that if Werme made one of the proposed payments, Mortgage Center would remove her from default, but if she failed to make the payment by October 20, 2014, Mortgage Center would accelerate her mortgage. Werme made no further payments to Mortgage Center after September 2014.

---

[1] The promissory note states: "If I do not pay the full amount of each monthly payment on the date it is due, I will be in default." (Promissory Note, R. 105-2, PageID 1175.)

Because Werme failed to remit a full payment, Mortgage Center initiated foreclosure proceedings. On January 22, 2015, as part of the foreclosure proceedings, Mortgage Center published a notice of foreclosure for Werme's home in the Allegan County News, a local newspaper. The notice stated, in pertinent part:

> Default has been made in the conditions of a mortgage made by Lesa Werme . . . There is claimed to be due at the date hereof the sum of Two Hundred Seventy-Three Thousand Fifty-Eight and 53/100 Dollars ($273,058.53) including interest at 2.875% per annum. Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public venue at the place of holding the circuit court within Allegan County, Michigan at 9:00 AM of FEBRUARY 19, 2015.

(Notice of Foreclosure, R. 49-2.)

In February 2015, Lesa Werme filed this action against Mortgage Center, alleging, *inter alia*, that the company wrongfully foreclosed on her home. Werme also brought a defamation claim, arguing that the allegations in the newspaper that she was in default of her mortgage were "false, malicious, scurrilous, vexatious, and unsupported defamatory statements" that were injurious to "her business" and "to her feelings." (First Am. Compl., R. 49, PageID 564.)

On March 6, 2017, the district court granted partial summary judgment to Mortgage Center on the defamation claim. In so holding, the district court noted that it was "undisputed that Plaintiff failed to make the necessary payments to bring her account current pursuant to Defendant's records." (Op., R. 80, PageID 846.) Indeed, Plaintiff "repeatedly tendered only one month's payment despite knowing that her previous month's check was returned uncashed, leaving a balance due." (*Id.*) In light of these undisputed facts, the district court found that any remaining dispute over Werme's May payment was not relevant to the defamation inquiry, because the publication that Werme's loan was in default was substantially true, and substantial truth is an

absolute defense to a defamation claim under Michigan law. Thus, the publication's substantial truthfulness shielded Mortgage Center from liability.[2]

## II. ANALYSIS

Werme's brief challenges only the district court's denial of summary judgment on her defamation claim. We therefore decline to consider the other issues not raised in her opening brief. *See Priddy v. Edelman*, 883 F.2d 438, 446 (6th Cir. 1989).

We review the district court's grant of summary judgment de novo. *Johnson v. Econ. Dev. Corp.*, 241 F.3d 501, 509 (6th Cir. 2001). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court, however, must construe the evidence and draw all inferences in favor of the nonmoving party. *See Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 332 (6th Cir. 2008). "We must ultimately decide whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Burgess v. Fischer*, 735 F.3d 462, 471 (6th Cir. 2013) (internal quotations marks and citations omitted).

Under Michigan law, a statement is defamatory if it "tends so to harm the reputation of persons so as to lower them in the estimation of the community or to deter others from associating or dealing with them." *Locricchio v. Evening News Ass'n*, 476 N.W.2d 112, 126 (Mich. 1991) (internal quotation marks and alterations omitted). A prima facie case of defamation consists of four elements: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged

---

[2] On July 6, 2018, the district court entered summary judgment on the remaining claims in favor of Mortgage Center on July 6, 2018. As mentioned, those claims are not at issue on appeal.

communication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by publication. *Id.* "[S]ubstantial truth is an absolute defense to a defamation claim." *See Collins v. Detroit Free Press, Inc.*, 245 Mich. App. 27, 33 (2001).

The district court correctly found that the absolute defense of substantial truth shields Mortgage Center from liability. Werme's mortgage stated that, before proceeding with foreclosure, Mortgage Center had to provide her a notice of default and acceleration with information on how she could cure the default and at least 30 days' notice to cure the default. Mortgage Center complied with these requirements: Werme's notice was sent on September 17, 2014, and it stated that she had defaulted due to the missed payments of June through September and had until October 20, 2014 to cure the default. It is undisputed that Werme did not attempt to cure the default by sending Mortgage Center the delinquent amount after receiving this notice. Thus, when Mortgage Center published its notice of foreclosure in the Allegan County News, its statement that Werme's mortgage was in default was substantially true. *See Collins*, 245 Mich. App. at 33.

In her brief, Werme argues that the district court failed to properly consider her declaration as evidence that she made her May 2014 mortgage payment. Specifically, she claims that the "trial court did not accept the Appellant's Declaration as true, and thereby erroneously inquired into the credibility of Appellant's direct evidence." (Appellant Br. 3.) Werme cites *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994), where this court held that when a nonmoving party presents evidence that contradicts the moving party's facts, the nonmoving party's "accounts and all reasonable inferences drawn from it must be accepted as true" for the purposes of a summary judgment motion. According to Werme, if the district court accepted her declaration, it would have noticed

that her "purported defaults were caused to cascade by the Appellee's refusal to accept the Appellant's May 2014 payment." (Appellant Br. 11.) Furthermore, she alleges that Mortgage Center's notice of default failed to "specify the default on which the foreclosure [was] based." (*Id.*)

There is no evidence that the district court failed to properly construe Werme's declaration. Instead, the district court referenced the evidence provided by Werme but noted that "any belated dispute over the status of her May payment . . . makes little difference." (Order, R. 80, PageID 846.) We agree. Even if the notice contained a slight inaccuracy regarding the exact amount of money Werme owed Mortgage Center, a defendant cannot be liable under Michigan law "if the gist of an article . . . is 'substantially accurate.'" *Hawkins v. Mercy Health Services, Inc.*, 230 Mich. App. 315, 333 (1998).

Because Mortgage Center's publication was substantially true, we need not consider the other elements of Werme's defamation claim.

### III. CONCLUSION

For the foregoing reasons, we affirm the district court.